

United States District Court
Southern District of Texas
FILED

MAR 1 9 2003

Michael N. Milby
Clerk of Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MARY LIMON | § | **B-03-060** |
| | § | |
| VS. | § | CIVIL ACTION NO._____ |
| | § | (JURY REQUESTED) |
| SAN BENITO CONSOLIDATED | § | |
| INDEPENDENT SCHOOL DISTRICT | § | |
| AND ITS SUPERINTENDENT, | § | |
| JOSEPH GONZALEZ | § | |

---

**DEFENDANTS SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT'S AND JOSEPH GONZALEZ' RULE 12(b)(6) MOTION TO DISMISS AND JOSEPH GONZALEZ' ALTERNATIVE MOTION TO COMPEL RULE 7(a) REPLY TO PLAINTIFF'S ORIGINAL COMPLAINT**

---

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW COME DEFENDANTS San Benito Consolidated Independent School District and Joseph Gonzalez, in the above styled and numbered matter, and files this their Rule 12(b)(6) Motion to Dismiss Plaintiff's Original Complaint and Defendant Joseph Gonzalez' Alternative Motion to Compel Rule 7(a) Reply to Plaintiff's Original Complaint and in support thereof shows the following:

**I.**
**STATEMENT OF THE CASE**

Plaintiff brings suit against Defendants San Benito Consolidated Independent School District and Joseph Gonzalez, under the 42 U.S.C. § 1983, for alleged violations of constitutional rights under the Fourth, and Fourteenth Amendments to the United States Constitution, the Federal Voting Rights Act, and Article 1 Sections 13 and 19 of the Texas Constitution. Plaintiff was an ex-employee of the district who was arrested in March of 2001 by school district police officers on

suspicion of theft of monies from the district.

## II.
## MOTION TO DISMISS UNDER RULE 12(b)(6)

**A.      Standard for Dismissal under Rule 12(b)(6)**

Plaintiff has failed to state a claim for which relief can be granted. Accordingly, her lawsuit

is ripe for dismissal under Federal Rule of Civil Procedure 12(b)(6). Under Rule 12(b)(6) of the

Federal Rules of Civil Procedure, a complaint should be dismissed for failure to state a claim if it

appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would

entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Under this standard, a court may

dismiss a complaint if the plaintiff cannot possibly prevail on his claims. Clark v. Amoco Prod. Co.,

794 F.2d 967, 970 (5th Cir. 1986); Scheuer v. Rhodes, 416 U.S. 232, 236 (1973). Although the Rule

12(b)(6) standard is stringent, "the mere fact that a standard is stringent does not suggest that it can

never be met." Mahone v. Addicks Utility Dist. of Harris County, 836 F.2d 921, 927 (5th Cir.

1988).

**B.      Plaintiff failed to properly allege a policy, practice or custom claim against the
San Benito Consolidated Independent School District**

The Plaintiff has brought suit against the San Benito Consolidated Independent School

District under 42 U.S.C. § 1983. A governmental entity such as Defendant San Benito Consolidated

Independent School District can only be held liable under § 1983 if some official policy, custom or

practice "causes" the alleged constitutional violation. Monell v. New York City Dep't of Social

Services, 436 U.S. 685, 690 (1978). Such official policy, custom or practice is evident if there are

"numerous prior incidents" showing "systemic" violations of constitutional rights. Hererra v.

Valentine, 653 F.2d 1220 (8th Cir. 1981) (emphasis added); see also Bennett v. City of Slidell, 728

F.2d 762, 768 (5th Cir. 1984) (en banc).  In addition, this systemic and widespread pattern of numerous prior incidents must have <u>affirmatively</u> caused the constitutional injury of which the Plaintiff has complained.  <u>Reimer v. Smith</u>, 663 F.2d 1316 (5th Cir. 1981).  The Fifth Circuit has also stated that to properly state a claim under 42 U.S.C. § 1983, Plaintiff must allege specific facts, not merely conclusory allegations of such a pattern.  <u>Elliot v. Perez</u>, 751 F.2d 1472, 1479 (5th Cir. 1985).

Plaintiff does not allege any specific facts that she claims constitutes an alleged custom, policy, or practice of a deprivation of constitutional rights.  Plaintiff's allegations in her original complaint are nothing more than conclusory statements and allegations that the San Benito Consolidated Independent School District violated her constitutional rights. Accordingly, defendants would request that the plaintiff's claims against  the San Benito Consolidated Independent School District be dismissed.

**C.    <u>Plaintiff failed to properly allege a claim under the Fourteenth Amendment</u>**

The Fifth Circuit has clearly determined that pretrial detainees receive the protection of the Due Process Clause of the Fourteenth Amendment.  <u>Valencia v. Wiggins</u>, 981 F.2d 1440 (5th Cir. 1994), *cert. denied,* 513 U.S. 1045, 115 S.Ct. 639, 130 L.Ed. 2d 545 (1994). While the Fourth Amendment protects arrestees, once an arrest is complete, pretrial detainees are protected by the Due Process Clause of the Fourteenth Amendment.  <u>Brothers v. Klevenhagen</u>, 28 F.3d 452 (5th Cir. 1994); <u>Gutierrez v. City of San Antonio</u>, 139 F.3d 441(5th Cir. 1998).  To the extent that Plaintiff alleges she was denied due process under the Fourteenth Amendment because she was arrested without probable cause, defendants would submit that plaintiff's status as an arrestee  would not invoke protections under the Fourteenth Amendment to the United States Constitution.

Plaintiff alleges she was due process rights under the Fourteenth Amendment. Deliberate indifference is a standard applied to Fourteenth Amendment substantive due process claims. See generally Cozzo v Tangipahoa Parish Council--President Government, 279 F.3d 273, 285 (5th Cir. 2002). Deliberate indifference requires proof that a municipal actor disregarded a known or obvious consequence of his action. Board of the County Commissioners of Bryan County, Oklahoma, v. Brown, 520 U.S. 397, 117 S. Ct. 1382, 1391 (1997). Plaintiff has not alleged specific facts showing that defendants acted with deliberate indifference during any detention of plaintiff after her arrest. Further, plaintiff has not alleged any facts showing any purported unconstitutional conduct in violation of the Fourteenth Amendment of the defendants that occurred during her detention.

Plaintiff alleges that "the evidence of any theft of public property ever having taken place at the San Benito Consolidated Independent School District was so deficient that the District Attorney elected not to even take the matter to the Grand Jury". These facts, even if taken as true, do not establish that defendants acted with deliberate indifference towards plaintiff's constitutional rights under the Fourteenth Amendment. They simply reflect an alleged decision made by the agency with the authority to choose whether or not to prosecute plaintiff. Allegations regarding the conduct of the District Attorney's office are not determinative on the issue of whether or not defendants acted with deliberate indifference or violated plaintiff's Fourteenth Amendment rights. Accordingly, defendants would request that the plaintiff's Fourteenth Amendment claims be dismissed.

**D.**     **Plaintiffs failed to properly allege a claim under the Fourth Amendment**

The constitutional validity of an arrest turns upon whether an officer had probable cause to make the arrest. Beck v Ohio, 379 U.S. 89, 91, 85 S.Ct. 223, 13 L.Ed 2d 142 (1964). To prevail on a sec. 1983 claim for unlawful arrest, the plaintiff must prove tha the officer made the arrest without

4

probable cause. <u>Vela v White</u>, 703 F2d 147 (5th Cir. 1983). A showing of probable cause requires far less evidence than that sufficient to support a conviction. <u>United States v. Ashcroft</u>, 607 F2d 1167, 1170 (5th Cir. 1979). Plaintiff has failed to allege specific facts that establish that no probable cause existed for her arrest. Plaintiff's allegations in her original complaint are nothing more than conclusory statements that no probable cause existed without specific facts to establish same. Plaintiff's allegations include statements that suggest some evidence of theft of public property existed but that it was too "deficient" for the District Attorney's office. Defendants would submit that according to plaintiff's complaint some evidence (allegedly too deficient for the District Attorney's office) regarding plaintiff's theft of public property existed. Taking plaintiff's facts as true, even though defendants dispute them, probable cause for plaintiff's arrest for theft was clearly established and plaintiff's Fourth Amendment claims should fail. Accordingly, defendants would request that the plaintiff's Fourth Amendment claims be dismissed.

### E.    Federal Voting Rights Claim

Plaintiff alleges a cause of action under the Federal Voting Rights Act. Plaintiff has made no allegations that establish a cause of action under the Federal Voting Rights Act that would entitle her to the monetary relief she is seeking in this lawsuit. Further, Plaintiff has not plead any facts supporting a claim that she was prevented from voting, did not vote in an election governed by the Federal Voting Rights Act, or was denied the right to vote on account of race or color, or in contravention of the guarantees set forth in 42 U.S.C.A. section 1973b(f)(2) . Accordingly, defendants would request that the plaintiff's claims under the Federal Voting Rights Act be dismissed.

**F.     Plaintiff is not entitled to recover attorneys fees**

Plaintiff alleges in her original complaint that she is entitled to attorneys fees.  However, since plaintiff cannot and will not be the prevailing party, she is not entitled to any attorneys fees as plead.

**G.     State Constitutional Claims**

Plaintiff has brought a cause of action under Article 1 sections 13 and 19 of the Texas Constitution.  It is well settled that Texas does not recognize a state constitutional tort as a viable cause of action.  See Rowe v. Texas Dep't of Crim. Justice-Institutional Div., 1998 Tex. App. LEXIS 2343 (Tex. App. Houston 14th Dist. Apr. 23, 1998) (quoting Montana v. Patterson, 894 S.W.2d 812,815 (Tex. App.--Tyler 1994, no writ) ("While the Texas Constitution has sections that parallel the federal Bill of Rights, there is no state "Constitutional Tort" similar to Title 42 U.S.C. § 1983 of the federal system."); Bagg v. University of Texas Medical Branch, 726 S.W.2d 583, 587 (Tex.App.-Houston [14th Dist. 1987, writ ref'd n.r.e.)("We acknowledge that Texas has a strong bill of rights, but we can find no Texas statute or case that provides a citizen the kind of redress afforded by Title 42 U.S.C. § 1983....  There is no state "constitutional tort.") "Specifically, the Texas Supreme Court has held there is no state constitutional tort and no implied private right of action for damages under the Texas Constitution." City of Beaumont v. Bouillion, 896 S.W.2d 143, 148-49 (Tex. 1995): See Gullum v. City of Kerrville, 3 F3d. 117 (5th Cir. 1993).  Plaintiff seeks monetary compensation in this suit.  Accordingly, defendants request that the state constitutional claims be dismissed.

**H.     Defendant Joseph Gonzalez asserts his right to qualified immunity**

Qualified immunity is available to individuals sued under 42 U.S.C. § 1983.  Imbler v. Pachtman, 424 U.S. 409, 418 (1976).  The doctrine of qualified immunity shields a government

official performing discretionary functions from civil damages liability. Harlow v. Fitzgerald, 457

U.S. 800, 819 (1982).    By this pleading, Defendant Gonzalez raises his defense of qualified

immunity.   The United States Fifth Circuit has specifically held that "to merely make a charge

[under §1983] is insufficient; the complaint must state with factual detail and particularity the basis

for the claim which necessarily includes why the Defendant official cannot successfully maintain

the defense of qualified immunity." Wicks v Mississippi State Employment Services. 41 F.3d 991,

996 (5th Cir. 1995). As a public official, Defendant Gonzalez is entitled to qualified immunity from

suit unless it is shown by specific allegations that he violated clearly established law. Schultea v

Wood, 47 F.3d 1427 (5th Cir. 1995)(en banc).   The facts Plaintiff alleges are not sufficient to

overcome Defendant Gonzalez' right to qualified immunity with respect to claims brought against

him for violation of Plaintiffs' rights under the Fourth, and Fourteenth Amendments to the United

States Constitution, the Texas Constitution, and the Federal Voting Rights Act.   Accordingly,

Defendant Gonzalez is entitled to qualified immunity.

### III.
### OFFICER JOSEPH GONZALEZ' ALTERNATIVE MOTION TO COMPEL RULE 7(a) REPLY

In Schultea v. Wood, 47 F.3d 1427 (5th Cir. 1995)(en banc), the United States Court of

Appeals for the Fifth Circuit had occasion to consider the continued validity of the heightened

pleading requirement previously associated with the qualified immunity defense in this circuit in the

aftermath of Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, ___ U.S.

___, 113 S. Ct. 1160 (1993).  In Schultea, Judge Higgenbotham, writing for the court, revived the

Federal Rule 7(a) "reply" as a means by which the district court could require a plaintiff asserting

claims against a public official to go beyond mere conclusory allegations and state specific claims

which abrogate the qualified immunity defense.  As the court stated,

> [w]hen an public official pleads the affirmative defense of qualified immunity in his answer, the district court may, on the official's motion or on its own, require the plaintiff to reply to that defense in detail.

Schultea, 47 F.3d at 1433 (emphasis added).  In fact, the court suggests that the utilization of the Rule 7(a) reply should become normal practice in this federal circuit in future qualified immunity practice.  Judge Higgenbotham adds, "[v]indicating the immunity doctrine will ordinarily require such a reply, and a district court's discretion not to do so is narrow indeed when greater detail might assist." Id. at 1434 (emphasis added).  Plaintiffs here have failed to plead specific facts which, if true, would overcome Defendant Ramirez' right to qualified immunity.  More particularly, this defendant, while not waiving his above and foregoing motion to dismiss plaintiff's claims under the Fourth and Fourteenth Amendments, the Texas Constitution, and the Federal Voting Rights Act, has specifically pointed out that plaintiff's claims should surely be dismissed. Plaintiffs have failed to allege sufficient and detailed facts which would show that this defendant is subject to individual liability under the causes of action plead.  Subject to the court ruling on the motion to dismiss, and in the alternative, Defendant Gonzalez would request that the court order plaintiffs to file a Rule 7(a) reply to this motion.

WHEREFORE, PREMISES CONSIDERED, Defendants, San Benito Consolidated Independent School District and Joseph Gonzalez, pray that upon final trial and hearing, their Rule 12(b)(6) Motion to Dismiss be granted.  Subject thereto, Defendant Joseph Gonzalez prays that his Alternative Motion for Rule 7(a) Reply be granted; that plaintiff take nothing by her suit, that these defendants recover all costs incurred herein and that these defendants have such other and further

relief at law or in equity, which they may show themselves to be justly entitled.

Signed on March 19, 2003.

Respectfully submitted,

WILLETTE & GUERRA, L.L.P.
International Plaza, Ste. 460
3505 Boca Chica Blvd.
Brownsville, Texas 78521
Telephone: (956) 541-1846
Facsimile: (956) 541-1893

By: _Eduardo G Garza_
Eduardo G. Garza
State Bar No. 00796609
USDC ADM. No. 20916
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Rule 12(b)(6) Motion to Dismiss and Defendant Joseph Gonzalez' Alternative Motion to Compel Rule 7(a) Reply to Plaintiff's Original Complaint has on March 19, 2003, been forwarded via certified mail, return receipt requested to:

**VIA CMRRR-7001-2510-0001-6508-2181**
Mr. William J. McCarthy
EATON & McCARTHY
2208 Primerose, Building D
McAllen, Texas 78504

_Eduardo G Garza_
Eduardo G Garza