IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| MARY LIMON,<br>    Plaintiff<br><br>v.<br><br>SAN BENITO CONSOLIDATED<br>INDEPENDENT SCHOOL DISTRICT<br>AND ITS SUPERINTENDENT,<br>JOSEPH GONZALEZ<br><br>    Defendants. | §<br>§<br>§<br>§   C.A. No. B-03-60<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

## ORDER

BE IT REMEMBERED that on May 27, 2003, the Court **GRANTED** Defendants' Motion to Dismiss [Dkt. No. 3]. Plaintiff did not file a response to Defendants' motion, which became ripe on April 8, 2003. Pursuant to Local Rule 7.4, the Court deems the failure to respond as a showing of no opposition. Nevertheless, the Court conducts a review of Defendants' motion on its merits.

### I. Factual and Procedural Background

Plaintiff brings causes of action against both the San Benito Consolidated Independent School District ("SBCISD") and its superintendent, Joseph Gonzalez, for alleged violations of 42 U.S.C. § 1983, the Voting Rights Act, and Article 1, Sections 13 and 19 of the Texas Constitution. See Pl's Original Cmplt, at p. 2 [Dkt. No. 1, Ex. 2]. Plaintiff alleges the school district's campus police, "at the instance of the Superintendent Joseph Gonzalez" arrested and imprisoned her "for allegedly being involved in the theft of public property from San Benito Consolidated Independent School District." Id. Plaintiff further alleges that around the time of her arrest, political posters were placed on her property. These posters allegedly related to "a hotly contested school board election within the District for a competing candidate who was seeking a position on the school board." Id. Plaintiff claims the posters were placed on her property after she was approached and asked to endorse an opposition ticket for

the school board election. Id.

Plaintiff alleges her arrest was without probable cause. Plaintiff supports her claim that the arrest was without probable cause by stating, "the evidence of any theft of public property ever having taken place at SBCISD was so deficient that the District Attorney elected not to even take the matter to the Grand Jury. Charges against [Plaintiff] were subsequently dismissed." Id. at 3.

Plaintiff argues the arrest and imprisonment violated the Due Process clause of the Fourteenth Amendment and the Fourth Amendment. Id. She additionally alleges:

> Such conduct further violated the Federal Voting Rights Act and was equally violative of the Equal Protection Clause of the United States Constitution. Such action was further retaliatory because of a refusal to support the candidacy of a board favored member during the school board election.
> Further such conduct by the District and its Superintendent showed a deliberate indifference on the part of the board, officers and District in violation of rights guaranteed under the United States Constitution as well as violating rights in the due course of law under Article I, Section 13 and Section 19 of the Texas Constitution. Such actions and conduct were in direct violation of 42 U.S.C. 1983 which provides that any individual acting under color of law who deprives any citizen of any right, privilege or immunity under the Constitution or the laws, privileges and immunities secure to any citizen by the Constitution and statues promulgated thereunder require that the persons, individuals and entities respond in damages.

Id. at 4.

The Court quotes this excerpt from Plaintiff's complaint to demonstrate Plaintiff's complete failure to provide factual specificity as support for the alleged violations of the federal and state constitutions and 42 U.S.C. § 1983.

## II. Standard for Dismissal Under Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) allows the dismissal of a complaint for "failure to state a claim upon which relief can be granted." A motion to dismiss for failure to state a claim, however, is "'viewed with disfavor and is rarely granted.'" Lowrey v. Texas A & M University System, 117 F.3d 242, 247(5th Cir. 1997) (quoting Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, 677 F.2d 1045, 1050 (5th Cir. 1982)). See also Kennedy v. Tangipahoa Parish Library Bd. of Control, 224 F.3d 359, 365 (5th Cir. 2000). Fifth Circuit law dictates that a district court must accept

all well-pleaded facts as true and view them in the light most favorable to the plaintiff. See Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996). See also Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000). A complaint will not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). See also Baton Rouge Bldg. & Constr. Trades Council AFL-CIO v. Jacobs Constructors, Inc., 804 F.2d 879, 881 (5th Cir. 1986). The Fifth Circuit has held, however, that dismissal is appropriate "if the complaint lacks an allegation regarding a required element necessary to obtain relief." Blackburn v. City of Marshall, 42 F.3d 925, 931 (5th Cir. 1995) (citation omitted). Furthermore, "'conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.'" Id. (citing Fernandez-Montes v. Allied Pilots Ass'n., 987 F.2d 278, 284 (5th Cir. 1993)).

### III. Plaintiff's Section 1983 Claim Against the School District

Defendants assert that Plaintiff has failed to state a claim under 42 U.S.C. § 1983 because Plaintiff has not pled specific facts to support the elements of a section 1983 claim against a municipality or other governmental entity such as the school district. The Fifth Circuit has clarified that municipal liability for section 1983 claims "requires proof of three elements: a policy maker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." Piotrowski v. City of Houston, 237 F.3d 567, 578 (5th Cir.), cert. denied, 534 U.S. 820 (2001). Plaintiffs can avoid dismissal of these claims by pleading facts that support each element in satisfaction of the notice pleading requirements of Federal Rule of Civil Procedure 8(a).

Plaintiff has not alleged facts, or indeed, even alluded to an official policy or custom in her original complaint. Plaintiff's factual allegations amount to nothing more than a conclusory allegation that her constitutional rights were violated by the school district when she was allegedly arrested without probable cause. These allegations will not suffice to present a claim against the school district. The Fifth Circuit defines official policy as:

    1. A policy statement, ordinance, regulation, or decision that is officially adopted

and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or

2. A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents a municipal policy . . . Actions of officers or employees of a municipality do not render the municipality liable under § 1983 unless they execute official policy as above defined.

Webster v. City of Houston, 735 F.2d 838, 841 (5th Cir.) (per curiam), aff'd in relevant part on reh'g, 739 F.2d 993 (5th Cir. 1984) (en banc). The school district cannot be held liable under section 1983 merely because it employed a tortfeasor. See Monell v. Dep't of Social Servs. Of the City of New York, 436 U.S. 658, 691 (1978). See also Campbell v. City of San Antonio, 43 F.3d 973, 977 (5th Cir. 1995). Plaintiff's allegations focus on one particular incident. Any alleged wrongdoing of Superintendent Joseph Gonzalez cannot trigger the liability of the school district under 42 U.S.C. § 1983 without an allegation that a policy is the moving force behind Plaintiff's alleged constitutional violations. Furthermore, Plaintiff has not alleged that any specific policymaker, the superintendent or otherwise, was responsible for promulgating a policy or custom that led to constitutional violations. See Piotrowski, 237 F.3d at 579 (stating that plaintiff must identify a municipal policymaker). For these reasons, Plaintiff has failed to state a claim against the San Benito Consolidated School District.

### IV. Plaintiff's Fourteenth Amendment Claim

Plaintiff alleges that the "arrest and . . . concomitant imprisonment deprived her . . . of due process interests both of a substantive and procedural nature." Pl's Original Cmplt. at p. 3. Defendants argue that "[t]o the extent that Plaintiff alleges she was denied due process under the Fourteenth Amendment because she was arrested without probable cause, . . . plaintiff's status as an arrestee would not invoke protections under the Fourteenth Amendment to the United States Constitution." Defs' Motion to Dismiss, at p. 3 [Dkt. No. 3].

Pretrial detainees are protected by the Due Process Clause of the Fourteenth

Amendment. See Brothers v. Klevenhagen, 28 F.3d 452, 455-56 (5th Cir. 1994); Valencia v. Wiggins, 981 F.2d 1440, 1445 (5th Cir. 1993). "The point at which an arrest ends and pretrial detainment begins is not always clear." Gutierrez v. City of San Antonio, 139 F.3d 441, 452 (5th Cir. 1998) (citing Valencia, 981 F.2d at 1449 n.44). The Fifth Circuit stated in Valencia that the Fifth or Fourteenth Amendments begin to protect persons "'*after* the incidents of arrest are completed, *after* the plaintiff has been released from the arresting officer's custody, and *after* the plaintiff has been in detention awaiting trial for a significant period of time.'" Id. (citing Valencia, 981 F.2d at 1443) (emphasis in original). For example, in Brothers, the Fifth Circuit found the pretrial detainee was protected by the Fourteenth Amendment because he had been arrested and processed by the police department and had spent several hours in jail before the alleged incidents arose leading to an excessive force claim. See id. (citing Brothers, 28 F.3d at 452).

In this case, however, Plaintiff does not even mention her detention or any actions of the campus police officers surrounding the time after arrest. The *only* conduct she alleges was a violation of her due process rights was the fact that she was arrested without probable cause. Additionally, Plaintiff seemingly alleges that the mere fact that she was imprisoned, or detained at all, caused her to suffer constitutional violations. Simply stated, Plaintiff has failed to allege any specific facts showing the defendants committed any constitutional violation during her detention, or indeed, after her arrest. For this reason Plaintiff's Fourteenth Amendment Due Process claim fails.

### V. Plaintiff's Fourth Amendment

The Fourth Amendment protects individuals from false arrest —arrest without a warrant or probable cause. U.S. Const. amend. IV; Brown v. Bryan County, Okla., 67 F.3d 1174, 1181 (5th Cir. 1995); Eugene v. Alief ISD, 65 F.3d 1299 (5th Cir. 1995). See also Terry v. Ohio, 392 U.S. 1, 16 (1968). Plaintiff supplies the court with only a conclusory statement that she was arrested without probable cause. She attempts to support this allegation with the assertion that the evidence on which the arrest was based "was so deficient that the District Attorney elected not to even take the matter to the Grand Jury. Charges against [Plaintiff] were subsequently dismissed." Pl's Original

Cmplt. at p. 3. Plaintiff alleges a Fourth Amendment violation, but provides no facts to explain the circumstances of her arrest and specific facts to support the allegation that the arrest was without probable cause. Instead, she contends that the fact that the district attorney elected to dismiss the case before presenting it to a grand jury is essentially a per se violation of the Fourth Amendment and per se demonstrates the initial arrest was without probable cause.

"Claims of false arrest, false imprisonment, and malicious prosecution involve the guarantees of the fourth and fourteenth amendments when the individual complains of an arrest, detention, and prosecution without probable cause." Thomas v. Kippermann, 846 F.2d 1009, 1011 (5th Cir.1988). Under federal law, probable cause is considered to exist if "'at the moment the arrest was made . . . the facts and circumstances within [the arresting officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing'" that the defendant violated the law. Hunter v. Bryant, 502 U.S. 224, 228 (1996) (quoting Beck v. Ohio, 379 U.S. 89, 91 (1964)). "There is no cause of action for false arrest under § 1983 unless the arresting officer lacked probable cause." Brown v. Bryan County, 67 F.3d 1174, 1180 (5th Cir.1995).

With no specific facts to support the conclusory allegation that Plaintiff was arrested without probable cause, Plaintiff has failed to state a fourth amendment violation upon which relief may be granted.

### VI. Plaintiff's Constitutional Claims Under the Texas Constitution

Plaintiff alleges Defendants violated her rights under Sections 13 and 19 of the Texas Constitution. Insofar as Plaintiff seeks monetary damages for violations of the Texas Constitution, the Texas Supreme Court has explicitly held that the Texas Constitution does not allow damages for violations of its provisions. See City of Beaumont v. Bouillion, 896 S.W.2d 143, 148 (Tex. 1995). The Texas Constitution, therefore, does not allow for "constitutional torts" with monetary damages, such as provided for by 42 U.S.C. § 1983. See Montana v. Patterson, 894 S.W.2d 812, 815 (Tex. App. –Tyler 1994, no writ) ("While the Texas Constitution has sections that parallel the federal Bill of Rights, there is no state "Constitutional Tort" similar to 42

U.S.C.A. Section 1983 of the federal system.") (citations omitted).

## VII. Plaintiff's Equal Protection Claims

The Equal Protection Clause requires similar treatment of all persons similarly situated. U.S. Const. amend. XIV. See also City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). Additionally, an equal protection claim must be based on the existence of purposeful discrimination motivating the alleged state action. See Washington v. Davis, 426 U.S. 229, 246-50 (1976). In Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S.Ct. 1073, 1074-75, 145 L.Ed.2d 1060 (2000), the Court held that the Equal Protection Clause can give rise to a cause of action on behalf of a "class of one" even when the plaintiff does not allege membership in a protected class or group. To state a claim sufficient for relief, a single plaintiff must allege that an illegitimate animus or ill-will motivated her intentionally different treatment from others similarly situated and that no rational basis existed for such treatment. Id.

Plaintiff has failed to establish an equal protection claim. She does not allege dissimilar treatment from others similarly situated; she does not allege facts describing how other similarly situated people were treated; she does not allege that ill-will motivated the school district or the superintendent to treat her differently from others similarly situated; and she does not allege that no rational basis existed for such treatment. Plaintiff's allegations suggest a coincidence of timing rather than an Equal Protection claim. For these reasons, Plaintiff's Equal Protection claim fails.

## VIII. Plaintiff's Federal Voting Rights Claim

Plaintiff also fails to allege any facts that would entitle her to relief under the Federal Voting Rights Act. She does not plead facts that her efforts to vote were actually impeded, that she that she could not vote as a result, or that she was denied the right to vote based on her race, color, or any other trait enumerated in the Voting Rights Act. See 42 U.S.C. § 1971. Nor does Plaintiff properly allege that her right to vote was interfered with as a result of intimidation, threats, or coercion by "someone acting under color of law." Id. § 1971(b). For these reasons, Plaintiff's claim under the Voting Rights Act fails.

### IX. Plaintiff's Claims Against Joseph Gonzalez in His Individual Capacity

Because the Court has determined that Plaintiff failed to make sufficient factual allegations to support constitutional violations under 42 U.S.C. § 1983, the Court need not reach Superintendent Joseph Gonzalez's claim of qualified immunity. Plaintiff fails to even allege any misconduct on the part of Mr. Gonzalez, except to say that she was arrested "at the instance of the Superintendent." Pl's Original Cmplt. at p. 2. Plaintiff alludes to the fact that the timing of her arrest coincided with a school board election, but she does not even directly state that Mr. Gonzalez falsely accused her of theft *because* of her refusal to vote for certain opposition members on the school board. Plaintiff's factual allegations demonstrate nothing more than coincidence of timing. Furthermore, for reasons unknown to the Court, Plaintiff brings her Fourth and Fourteenth Amendment claims against the school district and Mr. Gonzalez individually, but she does not assert claims against the actual arresting officer(s). Regardless of the existence of a qualified immunity defense, Plaintiff has failed to allege factual allegations that could support a claim that Joseph Gonzalez committed any constitutional violations against her.

### X. Conclusion

For the reasons discussed above, the Court **GRANTS** Defendants' Motion to Dismiss [Dkt. No. 3]. Because Plaintiff has alleged some facts that are insufficient to survive Defendants' Motion to Dismiss, the Court **DISMISSES without prejudice** Plaintiff's claims against both the San Benito Consolidated Independent School District and its Superintendent, Joseph Gonzalez.

DONE this 27th day of May, 2003, at Brownsville, Texas.

Hilda G. Tagle
United States District Judge